Curia, per

O’Neall, J.
This case, it seems to me, turns upon the question, whether the defendant is, oris not, a hawker and pedlar, within the Acts of this State ? This question will be answered by ascertaining, first, from our Acts, who is a hawker and pedlar ; and secondly, whether, from the facts proved, that character is fixed upon the defendant ?
To answer the first question, we are obliged to go back to the old Act of 1737, P. L., 152. Its preamble and enactment both point to “persons' who travel from town to town, from one plantation to another, by land or by water, carrying to sell or exposing to sale, any rum, sugar, or other goods, wares or merchandizes,” as those designated by the general terms, “ Hawkers and Pedlars.” All the subsequent Acts, (Act of 1797, 2 Faust, 151; Acts of 1825, p. 60; Acts of 1831, p. 40; Acts of 1835, p. 45,) speak of “ Hawkers and pedlars,” as known legal terms, and do not extend their meaning. Taking then the true meaning to be that pointed out by the Act of 1737, it is impossible that the defendant, in any point of view, can be regarded as a “ Hawker and Pedlar.” He is not one who travels from town to town, or from one plantation to another, carrying to sell, or exposing to sale, goods, wares and merchandizes. This is a single shipment of goods regularly consigned to Polock, Solomon & Co., and by them, or by himself, sold at auction or private sale, for his use. This is any thing else than hawking and pedling. It is just such a sale of goods as is constantly effected in every city in the union; and, I presume, that it never entered into the head of any one that such a sale was an act of hawking and pedling. In construing a highly penal statute, we should be bound to give it such a construction as would prevent persons not clearly embraced by its words from being held amenable to its provisions. If the statute did not define hawkers and pedlars, *we should then have to ascertain what was the usual popular meaning of those words. That would give the definition given by the Judge below, and which is in substance the same by the Act. Taking it, and defining a hawker and pedlar to be “ an itinerant trader who carries goods, &c., through the streets, from town to town, and from place to place,” no one, it seems to me, could suppose that any thing short of a sale of goods by the retail in this itinerant way, would constitute one a hawker and pedlar. It is, however, unnecessary to pursue this reasoning any further, as the 11th section of the Act to raise supplies for the year 1835, (Acts of ’35 p. 6,) (c) most plainly pro *28 vides for the case of the defendant, and he canuot, therefore, be held liable to the greater penalties of the Acts against hawking and pedling. It provides, “ If any transient person or persons, not resident in this State, shall at any time sell, or expose for sale, any goods, wares, or merchandize whatever, in any house, stall or public place, after the first day of January, in each year, such person shall make return, on oath, within ten days after commencing to sell as aforesaid, of the whole amount of the stock in trade he may have possessed at that time, to the tax collector of the district or parish in which the said goods, wares, or merchandize shall have been or may be sold or exposed to sale. And if any person shall neglect or refuse to make such return as aforesaid, within the time prescribed above, he shall, on conviction thereof by indictment forfeit and pay the sum of not more than $1000 ; unless such person shall have paid for and procured a license according to the provisions of an Act entitled “An Act to increase the price of license to hawkers and pedlars ” The defendant, a person not resident in this State, did, within the words of this Act, sell goods, wares and merchandize in a house in the town of Columbia, and is therefore, when properly indicted and convicted, liable to its penalty. The exception with which the section closes in favor of hawkers and pedlars, does not make all persons not resident in this State, and selling or exposing for sale, any goods, wares, or merchandize, in any house stall, or public place, necessarily hawkers and pedlars. It was intended to save such hawkers and pedlars who had taken out the license, and might sell or expose to sale in a house, stall or public place, their merchandize, from being liable to this general provision.
W. F De Saussure, for the motion. Mr. Solicitor Edwards, contra.
*The motion for a new trial is granted.
Richardson, Earle, Butler, JJ., concurred: Evans, J., absent, but concurs : Gantt, J., absent.

 6 Stat. 543. An.

 3 Stat. 487. An.

 5 Stat. 308. 6 Stat. 265. Id. 433. Id. 529. An.